1  Rosalinda V. Amash (SBN 213905)
   LAW OFFICE OF ROSALINDA V. AMASH
2  1223 Wilshire Blvd., #493
   Santa Monica, CA 90403
3  T:  (424) 268-4610
4  E:  rosalinda@amashlaw.com

5
6  Attorney for DEFENDANTS ATHANASIOS YORTZIDIS and ASIMO
   YORTZIDIS, individually and as trustees of the ATHANASIOS AND ASIMO
7  YORTZIDIS TRUST; ALEXANDRA SARIGIANIDES, individually and as
   trustee of the 2000 ALEXANDRA SARIGIANIDES, individually and as trustee of
8  the 2000 ALEXANDRA SARIGIANIDES TRUST

9
10              **UNITED STATES DISTRICT COURT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12

13  ANTHONY BOUYER, an individual,          ) **CASE NO.:  2:20 cv 03852- JAK-AGR**
                                            )
14              Plaintiff,                  )
                                            )
15       v.                                 )
                                            ) **DEFENDANTS' MEMORANDUM OF**
16  ATHANASIOS YORTZIDIS and ASIMO          ) **POINTS & AUTHORITIES IN**
    YORTZIDIS, individually and as trustees of ) **SUPPORT OF MOTION TO DISMISS**
17  the ATHANASIOS AND ASIMO YORTZIDIS ) **PLAINTIFF'S COMPLAINT**
    TRUST; ALEXANDRA SARIGIANIDES,          )
18  individually and as trustee of the 2000 )
    ALEXANDRA SARIGIANIDES, individually )
19  and as trustee of the 2000 ALEXANDRA    ) **DATE: JANUARY 11, 2021**
    SARIGIANIDES TRUST; AND DOES 1-10,        **TIME: 8:30 A.M.**
20  inclusive,                                **COURTROOM: 10B**
                                              **JUDGE:  HON. JOHN A. KRONSTADT**
21              Defendants.
22  _____

23

24

25       NOTICE IS HEREBY GIVEN that on January 11, 2021, at 8:30 a.m., or as

26  soon thereafter, in Courtroom 10B of the above-captioned court Defendants,
27
28  ATHANASIOS YORTZIDIS and ASIMO YORTZIDIS, individually and as

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

trustees of the ATHANASIOS AND ASIMO YORTZIDIS TRUST; and

ALEXANDRA SARIGIANIDES, individually and as trustee of the 2000

ALEXANDRA SARIGIANIDES, individually and as trustee of the 2000

ALEXANDRA SARIGIANIDES TRUST request an order dismissing the

complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil

Procedure 12(b)(1) and request that the Court decline to exercise supplemental

jurisdiction over Plaintiff's state law claims.

This motion is based on this notice and motion papers, memorandum of

points and authorities, declaration of Dimitrios Yortzidis and the pleadings,

records, and other documents on file with the Court in this action, and upon such

oral argument as may be presented at the hearing of this motion.

Defendant's counsel contacted Plaintiff's counsel on two occasions.  On

June 12, 2020, Defendant's counsel emailed Plaintiff's counsel that the property

was undergoing extensive construction which would moot the Plaintiff's complaint

and requesting Plaintiff reconsider its complaint.  However, Defendant's counsel

merely responded with an exorbitant settlement demand.  On July 6, 2020,

Defendant's counsel again emailed Plaintiff's counsel to determine whether

Plaintiff would re-file its state claim in state court. Plaintiff's counsel responded

with a threat of protracted legal fees and appeal.  The attempts to discuss this case

with Defendant's counsel was useless.

LAW OFFICE OF ROSALINDA V. AMASH

By: _____

Rosalinda V. Amash
Attorney for DEFENDANTS,
ATHANASIOS YORTZIDIS,
ASIMO YORTZIDIS and
ALEXANDRA SARIGIANIDES

## MEMORANDUM OF POINTS AND AUTHORITIES

I.   **INTRODUCTION**

   A.   **The Plaintiff's Allegations**

   Plaintiff and serial litigant, Anthony Bouyer, filed this complaint on April 28, 2020, asserting two claims for disability discrimination:  violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181 et seq; and violation of California's Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq. ("Unruh"). (Dkt. 1) In the complaint, the Plaintiff, a paraplegic, alleges that on April 18, 2020 he visited Bobo's Burgers located at 13433 Van Nuys Blvd. in Pacoima, CA and "personally encountered" barriers to accessibility.  Specifically, Plaintiff claims that Defendants have: (1) an accessible parking area and aisle that contains slopes excessive of the maximum allowed by ADAAG, (2) an accessible parking space that does not contain compliant accessible parking signage and (3) an accessible parking area and access aisle that are not clearly marked. (Complaint, ¶ 12).  No other violations are alleged in the complaint.

   The crux of both of the Plaintiff's causes of action is the same alleged access barrier -  the alleged deficiencies of the accessible parking.  As to the ADA claim, the Plaintiff requests injunctive relief - the only form of relief the ADA affords private plaintiffs.  As to the Unruh claim, the Plaintiffs seeks monetary damages. (Id. at Prayer P2-3).

   For the reasons stated below, the Defendants move to dismiss the ADA claim

because the Plaintiff's claim is **moot** and request the Court decline to exercise supplemental jurisdiction over the remaining Unruh claim.

**B.     Defendant's Restaurant Is Undergoing Extensive Remodeling, Including to its Parking Lot**

The Bobo's Hamburgers in Pacoima was scheduled to commence a complete remodel, including to its parking lot, on March 18, 2020. Unfortunately, due to the global pandemic of COVID-19, the remodel was postponed for several months and commenced on May 18, 2020. The remodel is slated to be complete on or about October 2020. The construction consists of an extensive interior and exterior remodel of the entire building, including to its parking lot. The remodel has been planned for several years. The plans were submitted to the City of Los Angeles for a plan check in 2018.  See *Declaration of Dimitrios Yortzidis*, ¶2  ("*Yortzidis Decl.*")

The plans for the remodel were submitted and approved by the City of Los Angeles. Included on the site plans are the accessibility requirements for the parking area per the City of Los Angeles. The City of Los Angeles would not have issued permits for this remodel if it did not comply with the required California Building Standards and Title 24 access requirements. See *Yortzidis Decl.* ¶3, Ex. 1-2.

The remodel includes a complete new parking lot, including compliance with all the necessary accessibility requirements. Construction has commenced on

the parking lot. The existing asphalt parking lot has been demolished and excavated. The new concrete has been poured for the parking per the site plans as demonstrated in Exhibits 1-2.  See *Yortzidis Decl.* ¶4.

The structural changes and construction to the exterior and interior of the restaurant, including to the parking lot, are permanent in nature, comply with ADA guidelines and bear significant expense for Bobo's Hamburgers. Bobo's Hamburgers has absolutely no reason to bear this expense and then bear the cost of undoing its remedial efforts only to defy the ADA requirements. The changes, as evidenced in the site plans, are permanent and in compliance with the ADA requirements. See *Yortzidis Decl.* ¶5.

## II.    DISCUSSION

### A.    Plaintiff's ADA Claim Is Moot

Rule 12(b)(1), Fed.R.Civ.P., authorizes a motion to dismiss for "lack of subject matter jurisdiction."  "Mootness . . . pertain[s] to a federal court's subject-matter jurisdiction under Article III, [so it is] properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  Under Article III of the Constitution, a federal court may only adjudicate actual, ongoing cases or controversies. *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1086 (9th Cir. 2011). Federal courts have no jurisdiction to decide moot cases, and "are without power to decide questions that cannot affect the rights of litigants in the case before them."

*DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974).

A case is moot if there it does not involve a live dispute. *Alvarez v. Smith*, 558 U.S. 87, 92 (2009); *Pitts*, 653 F.3d at 1086 ("A case becomes moot 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome' of the litigation.") (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

In ADA violation cases, courts have determined a defendant's remedial efforts moot the litigation because Title III of the ADA provides only injunctive relief, not monetary damages.  See *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1130–31 (C.D. Cal. 2005).  Accordingly, once a Defendant has voluntarily complied with the injunctive relief that would otherwise be ordered by a Court, no further controversy exists and the case is moot. That is, "[b]ecause a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA, a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." *Yates v. Bacco* (N.D. Cal. Mar. 17, 2014, No. C-11-01573.  Specifically, where the remediation required structural changes to a property, courts have been satisfied that the barriers "could not reasonably be expected to recur."  See, e.g., *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000).

Here, the Defendants have established the extensive remediation of the parking lot, and therefore, Plaintiff's ADA claim is moot and should be dismissed.

The declaration of Mr. Yortzidis and documentary evidence demonstrates the property, including the parking lot, will be fully ADA compliant (as per Los Angeles required building plans).  The installation of a new parking lot is structural, permanent and expensive.  The alleged barrier the Plaintiff claimed will not recur and there is no logical reason why the new parking lot would be removed after its construction.  The Defendants are subject to City of Los Angeles regulations and ADA compliance requirements without which the restaurant can not pass inspections and obtain the necessary permits to complete the remodel.  Accordingly, because Plaintiff's claims under the ADA are moot, the Court should dismiss the Plaintiff's ADA claim and decline to exercise supplemental jurisdiction over Plaintiff's state law claims (as discussed directly below).

**B.**     **The Court Should Decline To Exercise Supplemental Jurisdiction Over Plaintiff's Unruh Claim**

This Court should exercise its discretion and decline to exercise supplemental jurisdiction over Plaintiff's Unruh claim.  In an action over which a district court possesses original jurisdiction, the Court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action which such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  Under 28 U.S.C. 1367(c), a federal district court may decline supplemental jurisdiction over a plaintiff's state law claims if any one of the following four grounds exist:  (1) the

claim raises a novel or complex issue of State law; (2) the claim substantially predominates compared with the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. §1367(c).

If the Court dismisses the Plaintiff's ADA claim, then the Court should decline to retain supplemental jurisdiction over Plaintiff's Unruh claim.  Courts generally decline to exercise supplemental jurisdiction if the Court has "dismissed all claims over which it has original jurisdiction.  28 U.S.C. §1367(c)(3).  See, e.g. *Oliver v. Ralphs Grocery Co*., 654 F.3d 903, 911 (9th Cir. 2011).   As the Supreme Court and the Ninth Circuit have "often repeated," "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims." *Acri v. Varian Associates, Inc.*, 114 F. 3d 999, 1001 (9th Cir. 1997) (quoting *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n. 7 (1988).

Additionally**,** the Court may decline supplemental jurisdiction for the reasons set forth in detail below.

### 1.      Plaintiff Engaged In Forum Shopping To Evade State Law

In the present case, the "exceptional circumstances" and "compelling reasons" are apparent, as the Plaintiff is clearly forum shopping his Unruh claim into Federal court to circumvent California's heightened pleading requirements and

increased filing fees. Construction-related accessibility litigants, such as the Plaintiff, regularly file in Federal Courts and invoke supplemental jurisdiction to avoid California law heightened pleading requirements, such as, among other things: filing a verified complaint, an explanation detailing how the barrier denied a Plaintiff full and equal access, disclosure of high-frequency litigant status and special filing fees for "high-frequency litigants."  Cal. Code of Civil Procedure § 425.50-55.  Based on these tactics, the Court is justified in declining to exercise supplemental jurisdiction over Plaintiff's Unruh claim.  In fact, overwhelmingly Federal Courts decline to exercise supplemental jurisdiction in these types of case and in similar fashion as in *Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017).

2.     **California's Procedures Intended To Curb Abuse Is A Compelling Reason To Deny Supplemental Jurisdiction**

The Federal Rules of Civil Procedure will preclude application of the California Unruh Act in the manner California intends the law to apply. *Oliver v. In-N-Out Burgers* (S.D. Cal., 2012), 286 F.R.D. 475, 477. California's legislative enactment of procedures tailored specifically to address abuse of its own accessibility discrimination laws should be respected by the U.S. District Courts by denying high-frequency litigants a way to circumvent state law procedures. This circumstance is a compelling reason to deny supplemental jurisdiction. Awarding state law damages without applying the procedural prerequisites which California

enacted specifically for Unruh accessibility claims, would effectively override and ignore California law.

In *Schutza v. Cuddeback*, the Court acknowledged the need to defer to California to protect its "substantial interest in discouraging unverified disability discrimination claims." *Schutza v. Cuddeback* (S.D. Cal. April 10, 2017), 262 F. Supp. 3d 1025, 1031. Accepting supplemental jurisdiction would materially impact the outcome of this case and promote forum-shopping. Moreover, it would usurp and distort application of Unruh damages under Civil Code §52(a).

**3.    Plaintiff's Strategy To Circumvent State Law Requirements Is A Compelling Reason To Decline To Exercise Supplemental Jurisdiction**

The Supreme Court has noted that "[i]f the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." *Carnegie-Mellon University v. Cohill* (1988), 484 U.S. 343, 357.

Plaintiff's ADA claim does not attain any substantive benefit, other than to provide a basis for original jurisdiction so that the Court may exercise supplemental jurisdiction over the state law claims. Plaintiff can attain exactly the same remedies in state court but would be subject to California state law heightened pleading requirements instituted to curb Unruh Act abuse by litigants,

such as Plaintiff.  In sum, Plaintiff has filed in Federal Court because the Federal Rules of Civil Procedure will preclude application of the California Unruh Act in the manner California intends the law to apply. Plaintiff's forum shopping is a compelling reason to decline supplemental jurisdiction.

### 4.    Plaintiff's State Law Claim Predominates

As provided by 28 U.S.C. § 1367, a federal court can decline to exercise supplemental jurisdiction where state law claims substantially predominate compared with the claims over which the district court has original jurisdiction.

In the present case, the analysis of whether state law predominates is simple. Plaintiff seeks two remedies: injunctive relief and monetary damages and pleads two causes of action, ADA and Unruh. However, both remedies are available under his state law cause of action, while only injunctive relief is available under the ADA. The ADA is entirely subsumed into the Unruh Act. See *Munson v. Del Taco, Inc.* (2009), 46 Cal.4th 661, 671-672. Accordingly, Plaintiff's ADA cause of action adds nothing substantively to Plaintiff's lawsuit.

Further, the State Court has jurisdiction over Plaintiff's ADA action if Plaintiff were to maintain it in State Court. The only reason Plaintiff has pled an ADA cause of action is for the purpose of illegitimate forum shopping, i.e., to seek the benefits of state law without satisfying requirements to obtaining that remedy.

In the U.S. Southern District of California, a court held the "statutory damages available to [plaintiff] under the Unruh Act substantially predominate

over the injunctive relief available under the ADA." *OAM v. Brick Oven*, 406 F.Supp. 1120, 1130-31 (S.D. CA. 2005) (where a plaintiff sought Unruh monetary damages along with his ADA claim). Further, "under the Unruh Act—a minimum of $4,000 for each offense—indicates that [a plaintiff's] predominant focus is recovering monetary damages under state law." *Schutza v. Cuddeback*, supra, 1031. Because California law expressly incorporates federal law in lawsuits asserting state disability discrimination lawsuits (see, e.g., CCP § 51 and *Munson v. Del Taco, Inc.*, 46 Cal.4th 661 (2009), and because federal ADA claims may be asserted in state court lawsuits, Plaintiff has no substantive reason to file this lawsuit in Federal Court other than to circumvent California's heightened pleading requirements to prevent abuse of its laws. Accordingly, the predominance of state law claims is sufficient for the Court to decline exercising supplemental jurisdiction over Plaintiff's state law claims.

## III.   **CONCLUSION**

Defendants respectfully requests this Court to issue an order dismissing Plaintiff's ADA claim and declining supplemental jurisdiction over Plaintiff's Unruh claim.

LAW OFFICE OF ROSALINDA V. AMASH

By:   _____
       Rosalinda V. Amash
       Attorney for DEFENDANTS,
       ATHANASIOS YORTZIDIS, ASIMO
       YORTZIDIS and ALEXANDRA
       SARIGIANIDES

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18, and not a party to the within action.  My business address is 1223 Wilshire Blvd., #493,  Santa Monica, California 90403.

On the date indicated below, I served the foregoing document(s) described as: **DEFENDANTS' MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** on the interested parties as follows:

These documents were served on all the parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system under the above referenced case caption and number, including the parties identified in the attached service list.

[ ]   **(BY MAIL)**  I placed the document(s) in sealed envelope(s) addressed as set forth above and caused such envelope(s) to be deposited in the mail at Los Angeles, California. The envelope(s) was/were mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing.  It is deposited with U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **(BY OVERNIGHT MAIL)**  I placed the document(s) in sealed envelope(s) addressed accordingly and caused such envelope(s) to be deposited in the delivery box regularly maintained by OVERNITE EXPRESS, in an envelope package designated by OVERNITE EXPRESS with delivery fees paid or provided for addressed as set forth above.

[ X ] **(BY NOTICE OF ELECTRONIC FILING)** I delivered a true copy of the above-referenced document or documents by Notice of Electronic Filing generated by the Court's CM/ECF system, pursuant to the Court's Local Rules, to the addressee or addressees listed above.

I declare under penalty of perjury under the laws of the state of California and the United States of America that the foregoing is true and correct. Executed on July 10, 2020, at Los Angeles, California.

_____
Rosalinda V. Amash