| | |
|---|---|
| 1 | Rosalinda V. Amash (SBN 213905) |
| 2 | LAW OFFICE OF ROSALINDA V. AMASH |
|   | 1223 Wilshire Blvd., #493 |
| 3 | Santa Monica, CA 90403 |
|   | T: (424) 268-4610 |
| 4 | E: rosalinda@amashlaw.com |

Attorney for DEFENDANTS ATHANASIOS YORTZIDIS and ASIMO YORTZIDIS, individually and as trustees of the ATHANASIOS AND ASIMO YORTZIDIS TRUST; ALEXANDRA SARIGIANIDES, individually and as trustee of the 2000 ALEXANDRA SARIGIANIDES, individually and as trustee of the 2000 ALEXANDRA SARIGIANIDES TRUST

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BOUYER, an individual, | CASE NO.: 2:20 cv 03852- JAK-AGR |
| Plaintiff, | |
| v. | **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| ATHANASIOS YORTZIDIS and ASIMO YORTZIDIS, individually and as trustees of the ATHANASIOS AND ASIMO YORTZIDIS TRUST; ALEXANDRA SARIGIANIDES, individually and as trustee of the 2000 ALEXANDRA SARIGIANIDES, individually and as trustee of the 2000 ALEXANDRA SARIGIANIDES TRUST; AND DOES 1-10, inclusive, | DATE: **FEBRUARY 8, 2021**<br>TIME: **8:30 A.M.**<br>COURTROOM: **10B**<br>JUDGE: HON. JOHN A. KRONSTADT |
| Defendants. | |

**MOTION TO DISMISS**

Defendants submit their reply in support of their motion to dismiss as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff alleges that Defendants' restaurant, Bobo's Hamburgers, located at 13433 Van Nuys Blvd, Pacoima, CA 91331 ("the Property") has: (1) an accessible parking area and aisle that contains slopes excessive of the maximum allowed by ADAAG, (2) an accessible parking space that does not contain compliant accessible parking signage and (3) an accessible parking area and access aisle that are not clearly marked. (Doc. 1, ¶ 12, 4:2-7). No other violations are alleged in the complaint.

However, **the alleged violations do not exist.** Therefore, the injunctive relief sought by the Plaintiff is moot. No amount of protesting or complaining by the Plaintiff will change the fact the Defendant had a pre-planned remodel (which included a new, relocated ADA compliant accessible parking space), which commenced prior to Defendants filing their motion to dismiss. As of October 2020, the newly constructed, relocated ADA compliant accessible parking area is complete.

Because the conditions alleged in the Plaintiff's complaint are moot, Plaintiff did not even attempt to respond or oppose Defendant's motion with proof to the contrary. Rather, the Plaintiff attempted to misdirect the Court with baseless

accusations to support his unreasonable and groundless claim against the Defendants. Simply put, Plaintiff is unable to oppose the Motion with any evidence to the contrary because it does not exist.

Defendant has known since at least <u>mid June 2020</u> (prior to the filing of the motion) that the Property was under construction mooting Plaintiff's claims and the new ADA compliant accessible parking space was scheduled to be complete by October 2020. Yet, during this time, rather than engage in meaningful discussions about resolution of the case, Plaintiff demanded Defendants accept Plaintiff's settlement demands with threats of increased legal fees if Defendants did not agree with the demand.

Defendants' motion and accompanying declaration by Dimitrios Yortzidis in July 2020 clearly stated, among other things, a remodel at the Property commenced in May 2020, the parking lot was demolished in June 2020 and the concrete was set to be poured in preparation for the new parking lot and accessible parking space, and the remodel, including to the parking lot and accessible parking area, was set to be completed by October 2020. Despite this information, Plaintiff did not confirm this simple fact. The Plaintiff never even returned to the Property in the eight (8) months since filing of his lawsuit to confirm whether construction was

ongoing or confirm the accessible parking.[1] Accompanying this Reply is Defendants' evidence of the completed ADA compliant accessible parking space. See Declaration of Dimitrios Yortzidis ("Yortzidis Decl") ¶¶ 4-7, James Becher ("Becher Decl.") ¶¶ 9-28 and John Koulos ("Koulos Decl") ¶¶ 4-12.

Plaintiff provided no substantive arguments in opposition to Defendants' motion. The only probative evidence before this Court is that Plaintiff's ADA claim is moot. Therefore, judgment should be entered in favor of Defendants as to the federal claim and supplemental jurisdiction declined.

## II. ARGUMENT

### A. The Instant Motion Is Proper

Plaintiff argues that the court cannot decide the issue of whether the alleged violations are moot in a motion to dismiss.

Here, the motion to dismiss includes declarations supporting Defendants' assertion that the Property has an ADA compliant accessible parking space, making this a factual attack on jurisdiction. A district court deciding a factual attack on jurisdiction "need not presume the truthfulness of the plaintiffs' allegations" and

---

[1] Plaintiff's complaint alleges he "intends to return to the Business to ensure that the Business ceases evading its responsibilities" and that "upon being informed" that the business "has become fully and equally accessible, he will return within 45 days as a "tester" for the purpose of confirming their accessibility." (Doc. 1, ¶ 19-20, 5:3-11). Not only has the Plaintiff not returned to verify accessibility but in a recent ruling in the matter of *Anthony Bouyer v. LAXMI Hospitality, LLC*, case no. CV 20-7802 PA (AFMx), the Court denied this same serial Plaintiff standing because it found these similar type of "conclusory allegations amount to mere 'some day' intentions that the Ninth Circuit has found are insufficient to establish Article III standing."

may "look beyond the complaint . . . without having to convert the motion into one for summary judgment." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); see also *Thornhill Pub. Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) ("Where the jurisdictional issue is separable from the merits of the case, the judge may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary.").

"Once the moving party has converted the [Rule 12(b)(1)] motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High School*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

"Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists."[2] *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) (internal quotation marks and citations omitted).

Plaintiff argues that the jurisdictional issue is so entangled with the merits of his ADA claim that it should not be resolved on a motion to dismiss. There is no such entanglement. The jurisdictional issue relates to the accessible parking space at the Property now. Whether the parking situation at the Property allegedly

---

[2] A Court has the duty to address a lack of subject matter jurisdiction *sua sponte*. *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) (citing *Feidt v. Owens Corning Fiberglas Corp.*, 153 F.3d 124, 128 (3d Cir.1998)).

violated the ADA in April 2020 has absolutely no bearing on whether the parking situation at the Property is now ADA compliant. Therefore, the Court may properly consider Defendants' evidence that the Property has an ADA compliant accessible parking space, and by failing to offer contrary evidence, Plaintiff has not satisfied his burden of demonstrating continuing subject matter jurisdiction. *Savage*, 343 F.3d at 1039 n.2.

Plaintiff further argues the case should be resolved on a motion for summary judgment, not a motion to dismiss. However, this contention is without merit because there are no issues of fact genuinely in dispute. In other words, the uncontroverted evidence shows the alleged violations have been permanently constructed in compliance with the ADA.

### B. **Defendants Demonstrated The Alleged Violations Have Been Permanently Corrected Thereby Rendering The Complaint Moot**

Defendant offered substantial probative evidence demonstrating that the claims in Plaintiff's complaint were moot. Plaintiff offered no contrary evidence. The only argument Plaintiff offered is that the construction and the accessible parking space was all imaginary.

The accessible parking area at the Property is complete and Plaintiff has had the opportunity of many months to determine on his own whether the parking was under construction and/or had been remediated. The Plaintiff's alleged injury has been redressed voluntarily by Defendants and the conditions alleged in the

1  Plaintiff's complaint simply do not exist. Accordingly, the federal claim, and,
2  therefore, the sole basis for asserting federal jurisdiction is moot.
3
4  Based upon the accompanying supplemental declaration of Mr. Yortzidis and
5  declarations of Mr. Becher and Mr. Yortzidis, the elements of the Property
6  identified in Plaintiff's Complaint are compliant under applicable state and federal
7  accessibility standards. See Yortzidis Decl, ¶¶4-7; Becher Decl.  ¶¶ 9-28 and
8  Koulos Decl.  ¶¶4-12.  The new accessible parking area has been relocated to the
9  shortest and most direct route to the entrance of the Property, the slope is proper,
10 signage installed and aisle markings placed.  The existing conditions were
11 confirmed by the owner, Mr. Yortzidis, the architect that designed the plans, Becher
12 Design Group, and the general contractor, Vhalos Construction. See Yortzidis Decl.
13 ¶¶4-7, Becher Decl.  ¶¶ 9-28, Koulos Decl. ¶¶4-12.  Those same individuals
14 confirmed that none of the violations alleged in the complaint exist at the Property.
15
16 The foregoing facts address all the alleged grounds for Plaintiff's federal
17 claim. There are no other noncompliant conditions alleged by Plaintiff in his
18 Complaint. Based on the foregoing, Plaintiff's claims are moot. Once injunctive
19 relief claims are resolved, the federal claims are moot. *Independent Living*
20 *Resources v. Oregon Arena Corp.,* 982 F.Supp. 698, 771 (1997); *Dufresne v.*
21 *Veneman,* 114 F.3d 952, 953-954 (9th Cir. 1997). There is no case or controversy
22 here where the entirety of the claim does not exist.

### C. The Court Should Not Consider Plaintiff's Claim Discovery is Needed

In an attempt to revive his moot claims, Plaintiff argues Defendants engaged in bad faith tactics obstructing his efforts to conduct discovery. However, this argument is misleading, untruthful and should be soundly rejected.

Plaintiff failed to mention that he has been aware since at least June 2020 of the construction at the Property, that the parking lot would be complete by October 2020, and that Defendants' counsel offered evidence of the completed ADA compliant parking space but Plaintiff repeatedly refused to acknowledge the evidence. Plaintiff conveniently failed to also mention that Defendant's counsel e-mailed Plaintiff's counsel on two separate occasions regarding the discovery. Plaintiff's counsel never responded. Further, Plaintiff has not brought a motion nor made a request to continue the hearing of the motion. In fact, the first time Plaintiff raised the issue of discovery was in his <u>untimely</u> Opposition. But yet, Plaintiff failed to explain what facts were unobtainable and how that discovery would assist in opposing the motion. Plaintiff was provided with photographs of the newly completed accessible parking area showing the alleged violation did not exist but Plaintiff refused to accept the evidence. The Property is a restaurant open to the public and Plaintiff (his counsel or representative) could have driven by at any time and, at a minimum, made a visual inspection to confirm or deny the existence of the alleged barriers.

Further, the mootness of the claims relating to physical conditions cannot be opposed by just ignoring the facts. To the contrary, evidence of an alleged physical barrier to access is found at the property containing that feature or structure. It is therefore unsurprising that Plaintiff cannot identify what fact he might discover that would negate any evidence offered by Defendants in support of its motion.

### D. The Court Should Decline To Exercise Supplemental Jurisdiction Over Plaintiff's Unruh Claim

Plaintiff's arguments against the Court declining supplemental jurisdiction are simply disingenuous. The Defendants set forth a litany of compelling and sound grounds for the Court to decline supplemental jurisdiction. The Plaintiff's arguments should be disregarded and the Court should decline to exercise supplemental jurisdiction as has been routinely done in cases where an ADA Plaintiff simultaneously claims a federal ADA claim and a state Unruh claim.

"While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in [28 U.S.C.] § 1367(c), it is informed by the Gibbs values "of economy, convenience, fairness, and comity."" *Acri v. Varian Assocs.,Inc.,* 114 F.3d 999, 1001(9th Cir. 1997) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1996). A district court need not "articulate why the circumstances of [the] case are exceptional" to dismiss state-law claims pursuant to 28 U.S.C. section 1367(c)(1)-(3). *San Pedro*

*Hotel Co., Inc. v. City of L.A.,* 159 F.3d 470, 478–79 (9th Cir. 1998) (citation omitted).

In this case, the Plaintiff's ADA claim does not entitle the Plaintiff to recover damages but the complaint seeks damages under the Unruh claim. Meanwhile, the same injunctive relief available under the ADA is also available under the Unruh Act. See *Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017) (noting that "[i]t is unclear what advantage—other than avoiding state-imposed pleading requirements—Plaintiff gains by being in federal court since his sole remedy under the ADA is injunctive relief, which is also available under the Unruh Act."). Therefore, it is undeniable that the Plaintiff's state claim substantially predominates over the Plaintiff's ADA claim and is an unnecessary claim, only included in this lawsuit for the sole purpose of justifying filing his complaint in Federal Court.

Plaintiff's reasons for the Court retaining supplemental jurisdiction of his state claim of alleged duplicative litigation, inconvenience and unfairness to Defendant are insincere. Any inefficiencies that may result from the Plaintiff litigating his claims in two forums are insignificant in relation to California's interest in ensuring its laws are not circumvented. Plaintiff has not even articulated any significant inconvenience he would encounter by re-filing in state court. In fact, the end result of succeeding in either Federal court or State court ends the same: any alleged barriers will be remediated (and here, the violations do not

exist). Further, the Court has not even considered the merits of the Unruh claim, therefore, there is no interest in judicial economy in exercising supplemental jurisdiction and retaining the case.

## III. **CONCLUSION**

Defendants respectfully requests this Court to issue an order dismissing Plaintiff's ADA claim and declining supplemental jurisdiction over Plaintiff's Unruh claim.

          LAW OFFICE OF ROSALINDA V. AMASH

          By: _____
          Rosalinda V. Amash
          Attorney for DEFENDANTS,
          ATHANASIOS YORTZIDIS, ASIMO
          YORTZIDIS and ALEXANDRA
          SARIGIANIDES

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18, and not a party to the within action. My business address is 1223 Wilshire Blvd., #493, Santa Monica, California 90403.

On the date indicated below, I served the foregoing document(s) described as: **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** on the interested parties as follows:

These documents were served on all the parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system under the above referenced case caption and number, including the parties identified in the attached service list.

[ ] **(BY MAIL)** I placed the document(s) in sealed envelope(s) addressed as set forth above and caused such envelope(s) to be deposited in the mail at Los Angeles, California. The envelope(s) was/were mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing. It is deposited with U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **(BY OVERNIGHT MAIL)** I placed the document(s) in sealed envelope(s) addressed accordingly and caused such envelope(s) to be deposited in the delivery box regularly maintained by OVERNITE EXPRESS, in an envelope package designated by OVERNITE EXPRESS with delivery fees paid or provided for addressed as set forth above.

[ X ] **(BY NOTICE OF ELECTRONIC FILING)** I delivered a true copy of the above-referenced document or documents by Notice of Electronic Filing generated by the Court's CM/ECF system, pursuant to the Court's Local Rules, to the addressee or addressees listed above.

I declare under penalty of perjury under the laws of the state of California and the United States of America that the foregoing is true and correct. Executed on January 11, 2021, at Los Angeles, California.

_____
Rosalinda V. Amash