UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | LA CV20-03852 JAK (AGRx) | Date | March 2, 2021 |
|---|---|---|---|
| Title | Anthony Bouyer v. Atanasios Yortzidis et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE MOTION TO DISMISS PLAINTIFF'S COMPLAINT (DKT. 15)

### I.     Introduction

On April 28, 2020, Anthony Bouyer brought this action against Athanasios Yortzidis and Asimo Yortzidis, individually and as trustees of the Athanasios Yortzidis and Asimo Yortzidis Trust; Alexandra Sarigianides, individually and as trustee of the 2000 Alexandra Sarigianides Trust; and Does 1-10 (collectively, "Defendants"). Dkt. 1. The Complaint advances two causes of action: (i) violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. (the "ADA"); and (ii) violation of the Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq*. (the "Unruh Act"). Dkt. 1 ¶¶ 26–35.

On July 10, 2020, Defendants filed a Motion to Dismiss. Dkt. 15 (the "Motion"). No opposition was timely filed. Dkt. 20. An Order issued providing Plaintiff a final opportunity to file an opposition to the Motion by December 21, 2020. *Id.* The Order also provided that any opposition should be supported by a declaration by Plaintiff's counsel stating the reason that the opposition was not timely filed. *Id.*

On December 21, 2020, Plaintiff filed an opposition to the Motion. Dkt. 22 (the "Opposition"). Plaintiff's counsel filed the required declaration with the Opposition. Dkt. 23. Based on a review of the declaration, and in the interest of judicial and party efficiency, there is sufficient good cause to consider the Opposition. Defendants will not be prejudiced by this determination because they have been provided sufficient time to reply, and did so on January 11, 2021. Dkt. 24 (the "Reply").

Based on a review of the matters presented by the Motion, and pursuant to L.R. 7-15, a determination has been made that the Motion may be decided without oral argument. Dkt. 27. For the reasons stated in this Order, the Motion is **GRANTED-IN-PART** and **DENIED-IN-PART**.

### II.     Factual Background

#### A.     The Parties

Plaintiff is a California resident. Dkt. 1 ¶ 1. He is paraplegic who is "substantially limited in performing one or more major life activities . . . including but not limited to: walking, standing, ambulating, and sitting." *Id.* He requires a wheelchair for mobility. *Id.* Plaintiff alleges that Defendants currently, and at all

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-03852 JAK (AGRx) | Date | March 2, 2021 |
|---|---|---|---|
| Title | Anthony Bouyer v. Atanasios Yortzidis et al. | | |

other relevant times, have owned the property located at 13433 Van Nuys Blvd., Pacoima, CA 91331 (the "Property"). *Id.* ¶¶ 2–3. A business called Bobo's Burgers is located at the Property. *Id.* ¶¶ 2–4.

### B. Alleged Statutory Violations

Plaintiff alleges that he went to Bobo's Burgers in April 2020 "for the dual purpose of purchasing food and to confirm that this place of public accommodations is accessible to persons with disabilities." *Id.* ¶ 8. Plaintiff alleges he "personally encountered" numerous barriers in the parking area, each of which constitutes a violation of the 2010 ADA Accessibility Guidelines (the "2010 Guidelines"). *Id.* ¶¶ 11–12, 16. It is further alleged that these barriers can be removed easily, something that the Department of Justice has also recognized. *Id.* ¶ 23.

Plaintiff alleges, on information and belief, that Defendants had no policy or plan in place as of April 18, 2020, to ensure there was ADA-compliant parking, and do not have such a plan in place at this time. *Id.* ¶¶ 14–15. It is alleged that as a result of the non-accessible parking area, Plaintiff "is being deterred from patronizing [Bobo's Burgers] and its accommodations on particular occasions, but intends to return to [Bobo's Burgers] for the dual purpose of availing himself of the goods and services offered to the public and to ensure that [Bobo's Burgers] ceases evading its responsibilities under federal and state law." *Id.* ¶ 19.

### C. Remedies Sought

The Complaint requests (i) an injunction that would compel Defendant to comply with the ADA and the Unruh Act; (ii) statutory damages of not less than $4000 for each violation of the Unruh Act, (iii) an additional award of $4000 as deterrence damages for each violation pursuant to *Johnson v. Guedoir*, 218 F. Supp. 3d 1096; 2016 (E.D. Cal. 2016); and (iv) an award of attorney's fees and costs pursuant to 42 U.S.C. § 12205 and Cal. Civ. Code § 52. Dkt. 1 at 8–9.

## III. Analysis

### A. Mootness

#### 1. Legal Standards

Because federal courts have limited jurisdiction, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citing *California ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979)). "Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'" *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013). "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildfire*, 504 U.S. 555, 560 (1992) (citation omitted). Thus, if a plaintiff lacks standing under Article III, an action must be dismissed for lack of subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 109–10 (1998); *see also Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).

"[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-03852 JAK (AGRx) | Date | March 2, 2021 |
| Title | Anthony Bouyer v. Atanasios Yortzidis et al. | | |

that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (citation omitted) (citing *Lujan*, 504 U.S. at 560–61). When a plaintiff seeks injunctive relief, establishing standing under Article III also requires a showing of "real or immediate threat that the plaintiff will be wronged again -- a 'likelihood of substantial and immediate irreparable injury.'" *City of L.A. v. Lyons*, 461 U.S. 95, 111 (1983) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)). Because the standing requirements "are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof." *Lujan*, 504 U.S. at 561.

Under the ADA, injunctive relief is the only form of relief available to private parties. *Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). Therefore, to have standing requires a plaintiff to show that there is a likelihood of future injury unless the requested relief is granted. *Lyons*, 461 U.S. at 105; *Chapman*, 631 F.3d at 946 ("to establish standing to pursue injunctive relief, which is the only relief available to private plaintiffs under the ADA, he must demonstrate a 'real and immediate threat of repeated injury in the future'") (footnote omitted). "Once a defendant has remedied all ADA violations complained of by a plaintiff, the plaintiff's claims become moot and he or she loses standing, meaning the court no longer has subject matter jurisdiction over the ADA claims." *Johnson v. Cal. Welding Supply, Inc.*, No. CIV.2:11-01669 WBS GGH, 2011 WL 5118599 at *3 (E.D. Cal. 2011) (citing *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1130–31 (C.D. Cal. 2005)).

A defendant contesting subject matter jurisdiction may do so through a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(1). *See, e.g.*, *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039–40 (9th Cir. 2003). A Rule 12(b)(1) challenge to subject matter jurisdiction may be based on the face of the pleadings or extrinsic evidence. See *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000) ("Rule 12(b)(1) jurisdictional attacks can be either facial or factual."). In the former, the moving party asserts that the allegations of a complaint are insufficient to establish federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Courts must accept the allegations of the complaint as true in considering such a challenge, i.e., facial attacks are reviewed under the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. In assessing a factual challenge, "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (citation omitted). Thus, "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air*, 373 F.3d at 1039. However, a "jurisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action." *Id.* (internal quotation and citation omitted). "The question of jurisdiction and the merits of an action are intertwined where a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Id.* at 1039–40 (internal quotation and citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-03852 JAK (AGRx) | Date | March 2, 2021 |
|---|---|---|---|
| Title | Anthony Bouyer v. Atanasios Yortzidis et al. | | |

"[A] defendant claiming that its voluntary compliance moots a case bears a formidable burden." *Friends of the Earth*, 528 U.S. at 170.

    2.    <u>Application</u>

The ADA provides the basis for subject matter jurisdiction and Plaintiff's substantive claims. Therefore, issues as to subject matter jurisdiction and the merits are intertwined, and a request for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) is not appropriate. *Johnson v. SSR Grp., Inc.*, No. 15-CV-05094-MEJ, 2016 WL 3669994, at *2 (N.D. Cal. 2016) ("Dismissal is not warranted at this time because the jurisdictional and substantive issues in this ADA action are significantly intertwined. . . . Simply put, the Court will not dismiss the action at this juncture because the jurisdictional analysis is coextensive with the merits of Plaintiff's ADA claim."); *Johnson v. Jacobs*, No. 2:14-CV-02323-JAM, 2015 WL 1607986, at *3 (E.D. Cal. 2015) ("Clearly the ADA provides the basis for both the subject matter jurisdiction of this Court and Plaintiff's substantive claims for relief. . . . Therefore, a jurisdictional finding of genuinely disputed facts is inappropriate." (internal quotations and citation omitted)); *accord Lopez v. Scully*, No. EDCV1801274ABKKX, 2019 WL 2902696 at *3 (C.D. Cal. 2019).

Defendants argue that jurisdiction and the merits of Plaintiff's substantive claims are not intertwined because "[t]he jurisdictional issue relates to the accessible parking space at the Property now. Whether the parking situation at the Property allegedly violated the ADA in April 2020 has absolutely no bearing on whether the parking situation at the Property is now ADA compliant." Dkt. 24 at 5–6. This argument is not persuasive. Whether the Property is currently ADA compliant is a central issue in determining both whether there is jurisdiction and whether injunctive relief is appropriate.

Defendants have filed several declarations to seek to establish that the remodeled parking area of the Property is ADA-complaint. Dkt. 15-1, Dkt. 24-1, Dkt. 24-2, Dkt. 24-3. Plaintiff has filed evidentiary objections to these declarations. Dkt. 22, 25. Because it is inappropriate to resolve the disputed, factual contentions advanced by Defendants on a motion to dismiss, it is unnecessary to consider the evidentiary objections at this time. They may be renewed in the future in a procedural setting in which these factual matters are properly presented.

Defendants argue that "there are no issues of fact genuinely in dispute" and that "the uncontroverted evidence shows the alleged violations have been permanently constructed in compliance with the ADA." Dkt. 24 at 6. Again, these are factual contentions that are not appropriate for resolution on a motion to dismiss. *See Johnson v. Hernandez*, 69 F. Supp. 3d 1030, 1035 (E.D. Cal. 2014) ("Converting the instant Motion to one for summary judgment would be premature because Plaintiff has not yet had the opportunity to engage in discovery and thus has not had the opportunity to develop the evidence he may need to rebut Defendants' 'facts.'"). Defendant could have elected to bring a motion pursuant to Fed. R. Civ. P. 56 in response to the Complaint, but did not do so.

Defendants contend that Plaintiff has not explained what discovery would be needed to respond to this evidence. Dkt. 24 at 8–9. Defendants also note that Plaintiff or one of his representatives "could have driven by [the Property] at any time and, at a minimum, made a visual inspection to confirm or deny the existence of the alleged barriers." *Id.* at 8. However, Plaintiff's evidentiary objections assert that Plaintiff has "conducted his own inspection of the facility and independently identified [certain] slope violations,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-03852 JAK (AGRx) | Date | March 2, 2021 |
| Title | Anthony Bouyer v. Atanasios Yortzidis et al. | | |

among other barriers created by the construction. After the court rules on Defendant's motion, Plaintiff intends to amend the Complaint to plead the barriers created by Defendant's deficient construction work." Dkt. 25 at 3 n.1. Plaintiff also argues that exhibits to the declarations filed by Defendants show the construction has not remediated the ADA violations and suggests "discovery needs to be done" on these issues. Dkt. 25 at 3. Because the Motion relies on factual matters that cannot be resolved on a motion to dismiss, it is deficient.

      B.      Supplemental Jurisdiction

           1.      <u>Legal Standards</u>

Because federal courts are courts of limited jurisdiction, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citing *California ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979)). Thus, jurisdiction over a party's claims must "be established as a threshold matter." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

District courts may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). This "is a doctrine of discretion, not of plaintiff's right." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). "In order to decide whether to exercise jurisdiction over pendent state law claims, a district court should consider . . . at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 715 (9th Cir. 1990) (internal quotation omitted).

Courts have discretion to decline to exercise supplemental jurisdiction where "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). Where jurisdiction is declined because of "exceptional circumstances," the court must "articulate why the circumstances of the case are exceptional in addition to inquiring whether the balance of the *Gibbs* values [*i.e.*, 'economy, convenience, fairness, and comity'] provide compelling reasons for declining jurisdiction in such circumstances." *Exec. Software N. Am., Inc. v. U.S. Dist. Court*, 24 F.3d 1545, 1558 (9th Cir. 1994), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008).

           2.      <u>Application</u>

The Unruh Act provides that "[a]ll persons . . . are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). It also states that "[a] violation of the right of any individual under the Americans with Disabilities Act of 1990 . . . shall also constitute a violation of this section." *Id.* § 51(f). Under the Unruh Act, actual damages -- "in no case less than four thousand dollars" -- are recoverable. *Id.* § 52(a). The FAC alleges that there is supplemental jurisdiction over Plaintiff's Unruh Act claims because they are "so related to Plaintiff's federal ADA claims in that they have the same nucleus of operative facts and aris[e] out of the same transactions." Dkt. 1 ¶ 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-03852 JAK (AGRx) | Date | March 2, 2021 |
| Title | Anthony Bouyer v. Atanasios Yortzidis et al. | | |

"In 2012, in an attempt to deter baseless claims and vexatious litigation, California adopted heightened pleading requirements for disability discrimination lawsuits under the Unruh Act." *Garibay v Rodriguez*, No. CV 18-9187 PA (AFMx), 2019 WL 5204294 at *1 (C.D. Cal. 2019) (internal quotations omitted) (quoting *Velez v. Il Fornaio (Am.) Corp.*, CV 3:18-1840 CAB (MDD), 2018 WL 6446169 at *6 (S.D. Cal. 2018)). Additionally, California imposed a "high-frequency litigant fee" of $1000 on plaintiffs who have "filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction a construction-related accessibility violation," as well as on attorneys who represent more than ten such plaintiffs. *Id.* at *2 (citing Cal. Civ. Proc. Code § 425.55). These requirements were designed to address the "very small number of plaintiffs [who] have filed a disproportionately large number of the construction-related accessibility claims in the state . . . . seeking quick cash settlements rather than correction of the accessibility violation." *Id.* (quoting Cal. Civ. Proc. Code § 425.55(a)(2)).

"By enacting restrictions on the filing of construction-related accessibility claims, California has expressed a desire to limit the financial burdens California's businesses may face for claims for damages under the Unruh Act and other state law theories." *Garibay*, 2019 WL 5204294, at *4. When such actions are brought in an action filed in a federal court, California's "heightened pleading standards and increased filing fees do not apply." *Id. Garibay* concluded that, when plaintiffs who file many similar ADA actions seek to use supplemental jurisdiction as the basis for including an Unruh Act claim, they have "evaded these limits and sought a forum . . . [to] claim these state law damages in a manner inconsistent with the state law's requirements." *Id.*

Because "California's elected representatives, not this Court, have enacted laws restricting construction-related accessibility claims, and, as a result, dictated that these claims be treated differently than other actions," other district courts in California have declined to provide "an escape hatch" from the state's statutes, on the grounds that to do so would be "an affront to the comity between federal and state courts." *Garibay*, 2019 WL 5204294, at *4–5 ("Declining to exercise supplemental jurisdiction over plaintiff's Unruh Act and any other construction-related accessibility claim in these circumstances supports the values of judicial economy, convenience, fairness, and comity."); *see also Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017) (citation omitted) ("Plaintiff is engaging in forum-shopping by bringing his action in federal court and attempting to avoid California's heightened pleading requirements for disability discrimination claims. . . . Federal courts may properly take measures to discourage forum-shopping, and here . . . the Court finds this to be a compelling reason to decline supplemental jurisdiction."); *Whitaker v. Mac*, 411 F. Supp. 3d 1108, 1116 (C.D. Cal. 2019) ("Declining to exercise supplemental jurisdiction over [an] Unruh Act claim in these circumstances supports the values of judicial economy, convenience, fairness, and comity."); *Holland v. Ho*, No. 19-cv-1698-JLS, Dkt. 14 at 3-4 (C.D. Cal. Dec. 3, 2019); *Love v. Lee*, No. CV 18-0599-RSWL-SHK, 2019 WL 8168058 at *4 (C.D. Cal. 2019). *But see White v. Wisco Rests, Inc.*, No. 17cv103-L(JMA), 2018 WL 1510611, at *4 (S.D. Cal. 2018) (concluding in an ADA action that a plaintiff's selection of the forum of her choosing was "not an unusual circumstance," and that "dismissing state law claims would not accommodate any of those [*Gibbs*] values").

A review of the docket in this District shows that in the one-year period preceding the filing of the Complaint, Plaintiff has filed more than ten actions in which he has advanced construction-related accessibility claims. In a California Superior Court, Plaintiff would be deemed a high-frequency litigant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-03852 JAK (AGRx) | Date | March 2, 2021 |
|---|---|---|---|
| Title | Anthony Bouyer v. Atanasios Yortzidis et al. | | |

Therefore, "California's recent legislative enactments confirm that the state has a substantial interest in this case." *Perri v. Thrifty Payless*, No. CV 19-07829-CJC(SKx), 2019 WL 7882068 at *2 (C.D. Cal. 2019).

The California legislature has determined that high-frequency litigation of the type presented here "unfairly taints the reputation of other innocent disabled consumers who are merely trying to go about their daily lives accessing public accommodations as they are entitled to have full and equal access under the state's Unruh Civil Rights Act." Cal. Civ. Proc. Code § 425.55(a)(2). "Although . . . it would be more convenient and efficient for the ADA claim and the state law claim based on the same ADA violations to be litigated in one suit . . . these issues are not so dire to overcome 'California's strong interest in interpreting and enforcing its own rules without federal courts serving as a convenient end-around for creative litigants.'" *Arroyo v. A&G Interprises, LLC* [sic], No. CV 18-06338-PSG (GJSx), 2019 WL6792796 at *6[1] (C.D. Cal. 2019), (quoting *Schutza v. Alessio Leasing, Inc.*, No. 18cv2154-LAB (AGS), 2019 WL 1546950 at *4 (S.D. Cal. 2019)).

Furthermore, the Clerk's Office for the Central District has determined that, since the change in the requirements for filing of actions like this one in a Superior Court, ADA cases have increased from 3% of all civil filings in 2013 to 24% of all such filings in 2019. *Whitaker*, No. CV 19-07404, Dkt. 11 at 6; *see also Arroyo*, 2019 WL 6792796, at *5 ("The number and percentage of such cases filed in the Central District have increased each year since California enacted the limitations on high-frequency litigants."). "The only explanation for the phenomenon is the strategic evasion of California's new reforms." *Whitaker*, No. CV 19-07404, Dkt. 11 at 6.

In light of the findings by the California Legislature, the determination in *Whitaker* and other similar decisions that supplemental jurisdiction should be declined "primarily based on comity" is persuasive. *Id.* at 4 (internal quotations omitted). Where a plaintiff's "gamesmanship significantly undermines California's efforts to reform Unruh Act litigation. . . . whatever inefficiencies may arise from Plaintiff litigating his claims in two separate forums are slight in comparison to California's weighty interest in ensuring its laws are not circumvented." *Id.* at 6–7 (internal quotations omitted). Thus, a consideration and balancing of the *Gibbs* factors weighs in favor of declining jurisdiction. Moreover "[t]his situation, and the burden the ever-increasing number of such cases poses to the federal courts, presents 'exceptional circumstances'" which also warrant a decision not to exercise supplemental jurisdiction. *Garibay*, 2019 WL 5204294, at *4. Plaintiff can seek appropriate remedies through litigation in a Superior Court.

For the foregoing reasons, the Motion is **GRANTED** insofar as it seeks dismissal of the Unruh Act claim, without prejudice to Plaintiff's refiling of the claim in an appropriate Superior Court. Accordingly,

---

[1] An appeal of this order is pending *sub nom. Arroyo v. Rosas*, No. 19-55974-PSG (9th Cir. filed Aug. 21, 2019). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. . . . In such cases the court may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) (Kennedy, J.). However, the "discretionary decision to decline to exercise supplemental jurisdiction does not involve a controlling question of law, [and] is consistent with the findings of a substantial number of other federal courts." *Garibay*, 2019 WL 5204294, at *7. Therefore, the Court declines to stay this matter. *Id.*; *accord Whitaker*, No. CV 19-07404, Dkt. 11 at 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-03852 JAK (AGRx) | Date | March 2, 2021 |
| Title | Anthony Bouyer v. Atanasios Yortzidis et al. | | |

this portion of the Order is stayed for 21 days following its issuance to permit Plaintiff to do so while this claim remains pending here.

**IV.   Conclusion**

For the reasons stated in this Order, the Motion is **GRANTED-IN-PART** and **DENIED-IN-PART**. The Motion is **DENIED** as to the ADA claim. The Motion is **GRANTED** as to the Unruh Act claim, for which supplemental jurisdiction is declined, with this portion of the Order stayed for 21 days to permit Plaintiff to refile the claim in an appropriate Superior Court should Plaintiff elect to do so.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | TJ |